# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| LEONARDO A. BECTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:17-cv-00199-JCH |
| | ) | |
| ST. LOUIS PUBLIC SCHOOLS, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss, filed on February 10, 2017. (ECF No. 9.) On March 24, 2017, the Court sua sponte granted Plaintiff an additional 30 days to file a response to Defendant's Motion. (ECF No. 16). To date, Plaintiff has not responded. The Court will therefore rule on the Motion based upon the record before it.

## BACKGROUND

On January 11, 2017, Plaintiff filed this pro se employment discrimination action, asserting race discrimination claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII"). (ECF No. 1.) Plaintiff, an African American, alleges that he was employed as a continuing substitute teacher by Defendant St. Louis Public Schools, and that he was subjected to adverse employment actions when Defendant, among other things, placed him on a performance improvement plan and subsequently terminated his employment. Plaintiff further alleges and that Defendant's discriminatory conduct occurred from August 11, 2015 through November 14, 2015. *Id.* at 4-6. Plaintiff has attached to his Complaint a copy of the charge of discrimination he filed with the Equal Employment Opportunity Commission

1

("EEOC"), which bears a signature date of October 5, 2016, and which is stamped "received" by the EEOC on October 7, 2016. (ECF No. 1.3.)

As mentioned above, Defendant now moves for dismissal under Federal Rule of Civil Procedure 12(b)(6). Defendant argues, in part, that Plaintiff's claims must be dismissed because Plaintiff failed to timely exhaust his administrative remedies.

## **LEGAL STANDARD**

The notice pleading standard of Federal Rule of Civil Procedure 8(a)(2) requires a plaintiff to give "a short and plain statement of the claim showing that [he] is entitled to relief." In ruling on a motion dismiss, the Court must view the allegations in the complaint liberally in the light most favorable to the plaintiff. *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008). To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). "[D]ismissal under Rule 12(b)(6) serves to eliminate actions which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles, Mo.*, 244 F.3d 623, 627 (8th Cir. 2001) (citing *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989)).

## **DISCUSSION**

Defendant argues that Plaintiff's claims are barred as a matter of law because they were not filed within 180 or 300 days of the alleged unlawful employment discrimination, and that the Complaint must therefore be dismissed.

"Title VII requires that before a plaintiff can bring suit in court to allege unlawful discrimination, [he] must file a timely charge with the EEOC or a state or local agency with authority to seek relief." *Richter v. Advance Auto Parts, Inc.*, 686 F.3d 847, 850 (8th Cir. 2012) (citing 42 U.S.C. § 2000e-5(e)(1)). "The charge must be filed with the EEOC or other agency within 180 days 'after the alleged unlawful employment practice occurred,' and give notice to the employer of the circumstances of 'the alleged unlawful employment practice.'" *Hutton v. Maynard*, 812 F.3d 679, 683 (8th Cir. 2016) (quoting § 2000e-5(e)(1)). Where a plaintiff has initially instituted proceedings with a state or local agency with authority to grant or seek relief from such practice, the 180-day period for filing a charge with the EEOC is extended to 300 days. *See* 42 U.S.C. § 2000e-5(e)(1); *see also Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002).[1]

Here, Plaintiff's EEOC charge indicates that November 14, 2015 was the latest date on which the alleged discrimination occurred. Even assuming Plaintiff filed his EEOC charge on October 5, 2016, the date on which he signed it, 326 days had elapsed since the alleged unlawful employment practice took place. Therefore, Plaintiff failed to timely exhaust his administrative remedies with respect to his claims under Title VII, and his Complaint must be dismissed.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (ECF No. 9) is **GRANTED**, and that Plaintiff's Complaint if **DISMISSED with prejudice**. A separate Order of Dismissal will accompany this Memorandum and Order.

---

[1] Plaintiff's Complaint indicates that he filed a charge of discrimination against Defendant with the Missouri Commission on Human Rights on December 14, 2016, approximately two months after he filed his charge with the EEOC. (ECF No. 1 at 3.)

3

Dated this 25th day of April, 2017.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE